## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRANDON RILES, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-599-R** |
| | ) | |
| | ) | |
| **OKLAHOMA COUNTY DISTRICT** | ) | |
| **ATTORNEY'S OFFICE (David** | ) | |
| **Prater), et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is a *pro se* Amended Complaint filed by Plaintiff Brandon Riles,

on his behalf and ostensibly on behalf of three entities. The Court has reviewed Plaintiffs'

Complaint and finds that it should be dismissed upon filing as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B).

The Court should dismiss a case in which *in forma pauperis* status has been granted

if at any time it determines the action is frivolous or malicious, seeks relief from a person

immune from such relief, or fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B).

Although § 1915 directly references prisoners, § 1915(e)(2) applies to all litigants,

prisoners and non-prisoners alike. *See Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312

(10th Cir. 2005)(28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss the

complaint of a party proceeding IFP whenever the court determines the action is frivolous

or malicious, fails to state a claim for relief, or seeks damages from persons immune from

such relief); see also *Merryfield v. Jordan*, 584 F.3d 923 (10th Cir.2009)(affirming

1

dismissal of nonprisoner's complaint as frivolous and as stating no claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Ruston v. Church of Jesus Christ of Latter–Day Saints*, 304 F. App'x 666 (10th Cir.2008)(affirming dismissal of nonprisoner's frivolous complaint under § 1915(e)(2)(B)) (citing cases). In considering whether to dismiss a claim *sua sponte* for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but the complaint must be liberally construed. *See id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

The Court first dismisses all Plaintiffs except Brandon Riles. In general, a party may plead and conduct his own case in person or through a licensed attorney. *See* 28 U.S.C. § 1654. A *pro se* litigant, however, may not represent anyone other than himself. *See e.g., Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147 (7th Cir.2001); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Corporations, such as Plaintiff American Roof Scapes Inc. and Oklahoma Modern Inc, cannot proceed without counsel. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." (citing *Flora Constr.*

*Co. v. Fireman's Fund Ins. Co*., 307 F.2d 413, 414 (10th Cir. 1962)). Finally, Plaintiff attempts to include informed-voter.com, a website he created, as a Plaintiff.  Again, because Mr. Riles is proceeding *pro se*, he cannot represent this entity.

The Court next removes Defendant entities that are not proper parties for purposes of litigation. Plaintiff's Amended Complaint purports to allege claims against the Oklahoma County District Attorney's Office and the Oklahoma City Police Department. Neither is a proper defendant.

> `	While a city, county, or municipality may be named as a defendant in a civil action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants. *Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir.1985), *vacated on other grounds by Tyus v. Martinez,* 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986); *Johnson v. City of Erie,* 834 F.Supp. 873, 878 (W.D.Pa.1993); *PBA Local No. 38 v. Woodbridge Police Dep't,* 832 F.Supp. 808, 826 (D.N.J.1993).

*Crabtree v. Oklahoma*, No. 13-CV-688, 2013 WL 6633019, at *4 (N.D. Okla. Dec. 17, 2013). Accordingly, both the District Attorney's Office and the Oklahoma City Police Department are hereby dismissed.

Plaintiff attempts to plead claims against two judges who serve on the District Court of Oklahoma County, Judge Pipes and Judge Collins. From Plaintiff's Amended Complaint it appears that Judge Pipes presided over a proceeding brought against Mr. Riles and his business for unpaid rent, and Plaintiff alleges that the landlord admitted to Judge Pipes during those proceedings that he had opened mail addressed to Plaintiff's business. (Doc. No. 7, p. 5). He alleges that Judge Collins awarded an entity "commercial assets," including a judgment for eviction even though Plaintiff attempted to pay the $62.00 deficiency. *Id.*

p. 7. He further alleges that she permitted that landlord, Carl Moroney, to change a judgment from $1,000 to $10,000 when Mr. Riles was in custody. *Id.* p. 8.

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Plaintiff's allegations indicate that both Judge Collins and Judge Pipes were acting in a judicial capacity and accordingly both are entitled to absolute immunity. *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008). Therefore, dismissal of the claims against both is appropriate.

With regard to Plaintiff's claims against the Oklahoma Office of the Attorney General, the claims are hereby dismissed pursuant to the Eleventh Amendment. The Eleventh Amendment bars suit in federal court against a state, which includes a state agency. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). An exception exists when the state waives Eleventh Amendment immunity or if immunity is abrogated by Congress. *See Pettigrew v. Okla. ex rel. Okla. Dep't of Public Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013). However, the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Accordingly, Plaintiff's claims against the Office of the Attorney General are hereby dismissed.[1]

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction . . . " (2) "a short and plain statement of the claim showing that [he] is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).  A pro se complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996). The purpose of Rule 8(a) is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Imprecise pleadings undermine the utility of the complaint and violate the purpose of Rule 8. *Knox v. First Security Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952). Here, Plaintiff's Amended Complaint failed to comply with Rule 8. The twenty-two page documents names more than ten Defendants, and at page 21 lists the purported "Legal Basis" for Plaintiff's claims. Those bases, however, are not tied to any particular facts nor is any particular Defendant identified as being sued with regard to a particular claim.

Plaintiff relies in part on federal criminal statutes and of those listed in the Amended Complaint, with limited exception, none provides a basis for civil relief or the provision

---

[1] A court may, in its discretion, raise the issue of Eleventh Amendment immunity sua sponte. *See Nelson v. Geringer*, 295 F.3d 1082, 1098 n. 16 (10th Cir. 2002) ("[T]he [Supreme] Court has stated that judicial consideration of Eleventh Amendment issues sua sponte is discretionary, not mandatory."). The Eleventh Amendment applies to suits against the States and their agencies regardless of the relief sought. *See Higganbotham v. Oklahoma*, 328 F.3d 638, 644 (10th Cir. 2003) ("The Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief."); *see also Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages.").

upon which Plaintiff relies cannot be sufficiently identified so that the Court can determine whether Plaintiff could potentially proceed.[2] Specifically, Plaintiff cannot rely on 18 U.S.C. § 242, a statute that criminalizes discrimination, because he lacks a judicially cognizable interest in the prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002)(noting that it is "settled law" that §§ 241 and 242, "like other such statutes, do not provide for a private civil cause of action" (citations omitted)).Furthermore, he cannot rely on 18 U.S.C. § 1951. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("[N]either the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action."). Nor can he pursue a claim under 18 U.S.C. § 1621—a statute that criminalizes perjury. *See generally Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (holding that private citizens cannot compel enforcement of criminal law); *See GwanJun Kim v. Grand Valley State Univ.*, No. 16-2321, 2017 WL 8294004, at *1 (6th Cir. Dec. 22, 2017) ("18 U.S.C. § 1621 . . . does not create a private right of action."); *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) ("[T]here is no private cause of action for perjury, 18 U.S.C. § 1621. . . ."); *Roemer v. Crow*, 993 F.Supp. 834, 837 (D. Kan. 1998) (18 U.S.C. § 1621 is a criminal statute that does not provide a civil right of action for damages). Similarly, 18 U.S.C. § 1001, which addresses false statements, does not provide

---

[2] Plaintiff cites to 18 U.S.C. § § 903 which does not exist. His citation to 18 U.S.C. § Chapter 41 is too indefinite to allow either the Court or Defendants to address the issue properly.

a private cause of action and there is no indication that Congress intended to create such right. *Williams v. Messa*, No. 21-cv-1660, 2022 WL 2872978 (E.D. Cal. July 21, 2022); *see also see Thomas v. Abebe,* 833 F. App'x 551, 555 (5th Cir. 2020) (per curium) (concluding the district court "correctly held" that the appellant did not have a private right of action under 18 U.S.C. § 1001). 18 U.S.C. § 1113 makes it a federal crime to attempt to commit murder or manslaughter within the United States, and it also does not support a private cause of action. *Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 295 (11th Cir. 2007) (concluding that plaintiff had no standing to invoke 18 U.S.C. § 1113); *see* also *Nguyen v. Ridgewood Savings Bank*, No. 14-CV-1058, et al., 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015) (finding no private right of action under 18 U.S.C. § 1113). Similarly, 18 U.S.C. § 3, which provides for criminal liability to a person who operates as an accessory after the fact to a federal criminal offense provides no basis for imposing civil liability. *Harding v. Watch Tower Bible & Tract Soc'y of New York,* No. CIV-21-515, 2021 WL 7448748, at *3 (W.D. Okla. Aug. 12, 2021), *report and recommendation adopted as modified*, 2022 WL 340589 (W.D. Okla. Feb. 4, 2022), *aff'd*, No. 22-6029, 2022 WL 3025816 (10th Cir. Aug. 1, 2022).[3]

---

[3] Plaintiff also lists 7 U.S.C. § 2158 as a basis for a claim. This section addresses the protection of pets when a cat or dog is acquired by a government or private animal shelter or a research facility licensed by the Department of Agriculture, by ensuring that such animals be held for not fewer than five days to enable the owner to claim the animal or for someone else to adopt the animal before selling the dog or cat to a dealer. No provision of the law provides a private right of action nor are any of the named Defendants entities or persons that appear subject to the provision under § 2158(a)(2).

The only federal criminal statute that arguably supports a civil claim is Plaintiff's general reference to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The elements of a civil RICO claim are:

> (1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C. § 1962(a), (b), & (c). 'Racketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as any 'act which is indictable' under federal law and specifically includes mail fraud, wire fraud and racketeering.

*Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006). Plaintiff does not identify which Defendant or Defendants he seeks to hold liable under RICO nor does he sufficiently allege facts to support such claims. For the above-stated reasons, Plaintiff's claims pursuant to the federal criminal statutes, 7 U.S.C. § 2158, Chapter 1 of Title 15[4] of the United States Code, and RICO are subject to dismissal.

Plaintiff also cites to certain Oklahoma criminal statutes as a basis for his claims, Okla. Stat. tit. 21 §§ 175, 463, 500, and 504. Again, Plaintiff is not the appropriate party to enforce these statutes, and furthermore, none of the statutes provides a private cause of action. *See e.g. Cooper v. Parker-Hughey*, 894 P.2d 1096, 1100 (Okla. 1995)(absent contrary indication via the legislature, penalties for perjury should come from the criminal law).

Finally, Plaintiff relies on two federal statutes for his claims, 42 U.S.C. § 1983, alleging violation of his rights under the First and Fourth Amendments, and 31 U.S.C. § 6711. 31 U.S.C. § 6711 prohibits discrimination in programs or activities of local

---

[4] Plaintiff's citation to Chapter 1, Title 15 is too vague to permit the Court to ascertain whom he seeks to hold liable for what behavior.

8

governments because of race, color, national origin, or sex if the government receives payment under the Revenue Sharing Act. The allegations of the Amended Complaint, however, do not point to any such government funding. Accordingly, Plaintiff cannot proceed on his § 6711 claim.

With regard to his § 1983 claims, the Court is unable to discern which of the Defendants Plaintiff seeks to hold liable. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[T]he only proper defendants in a [§] 1983 claim are those who represent the state in some capacity...." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citation and internal brackets omitted). "'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Based on Plaintiff's allegations, Defendants Webb, Killensworth and Hogsette are private citizens and none of the facts alleged by Plaintiff are sufficient to support a § 1983 claim against them.

Similarly, Plaintiff does not allege facts from which the Court can conclude that any of the following persons or entities can be considered a "state actor" for purposes of § 1983: "Tik Tok &/or Byte Dance," "Meta &/or, Facebook, Instagram, & Youtube," "Overman

9

Legal Group – Clay Curtis," "Jay Ramos & Mr. Bail Bonds," and the "ACLU of Oklahoma – Megan Lambert." Plaintiff has pled no facts from which it could be inferred that any of these persons is a state actor. Accordingly, these Defendants should be dismissed from this action.

With regard to the relief sought, Plaintiff asks for "removal of all charges on all cases brought to bear against Brandon Riles in Oklahoma county. . . " (Doc. 7 p. 22). To the extent Plaintiff complains about the ongoing criminal process in the District Court of Oklahoma County, dismissal is appropriate pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court held that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are: (1) ongoing, (2) offer an adequate forum for a defendant's federal claims, and (3) implicate important state interests. *Id.* at 43-44. "[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Com.*, 240 F.3d 871, 875 (10th Cir. 2001) (quotations omitted). Also, "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002).[5] Here Plaintiff's requested relief falls

---

[5] Mr. Riles is currently a Defendant in two pending criminal cases in the District Court of Oklahoma County. One charges assault and battery with a dangerous weapon, CF-2019-4386 and the other, CF-2020-463, charges home improvement fraud. According to oscn.net trial in CF-2020-463 is scheduled for August 29, 2022, and trial in CF-2019 is scheduled for September 26, 2022. He may raise the issues he presents in the instant Complaint in those proceedings and the State has an interest in resolving both criminal cases and any related issues.

squarely within the confines of *Younger* and premised on the current factual allegations do not provide a basis for applying an exception to *Younger* abstention.

For the reasons set forth above, the Amended Complaint is hereby DISMISSED WITHOUT PREJUDICE pursuant to § 1915.[6]

**IT IS SO ORDERED** this 10th day of August 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] Although the Court might ordinarily permit Plaintiff to amend his pleadings in light of his *pro se* status, the Court declines to do so here because it is apparent that amendment would be futile. Plaintiff's complaints are either against persons not subject to suit under § 1983 or seek relief for which there is not private cause of action because he relies on a criminal statute. Additionally, the primary relief sought by Plaintiff, dismissal of the pending charges against him, is not available.